IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA

v.

DREW MICHAEL KOZLOWSKI

Criminal No. 26-*161*

[UNDER SEAL]

FILED

AUG 0 4 2026

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF PA

## INDICTMENT MEMORANDUM

AND NOW comes the United States of America, by its attorneys, Troy Rivetti, United States Attorney for the Western District of Pennsylvania, and V. Joseph Sonson, Assistant United States Attorney for said District, and submits this Indictment Memorandum to the Court:

## I. THE INDICTMENT

A federal grand jury returned a three-count indictment against the above-named defendant for alleged violations of federal law:

| COUNTS | OFFENSE/DATE | TITLE/SECTION |
|---|---|---|
| One | Receipt and Attempted Receipt of Material Depicting the Sexual Exploitation of a Minor<br><br>March 27, 2026 | 18 U.S.C. §§ 2252(a)(2) and 2252(b)(1) |
| Two | Distribution and Attempted Distribution of Material Depicting the Sexual Exploitation of a Minor<br><br>March 28, 2026 | 18 U.S.C. §§ 2252(a)(2) and 2252(b)(1) |
| Three | Possession of Material Depicting the Sexual Exploitation of a Minor<br><br>June 23, 2026 | 18 U.S.C. §§ 2252(a)(4)(B) and 2252(b)(2) |

## II. ELEMENTS OF THE OFFENSES

**A.     As to Count One:**

In order for the crime of Receipt and Attempted Receipt of Material Depicting the Sexual Exploitation of a Minor, in violation of 18 U.S.C. §§ 2252(a)(2) and 2252(b)(1) to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1.     That the defendant knowingly received or attempted to receive a visual depiction of a minor using any means or facility of interstate or foreign commerce, or in or affecting interstate or foreign commerce, or by any means including by computer or mail;

2.     That the production of the visual depiction involved the use of a minor engaging in sexually explicit conduct, as those terms are defined in Title 18, United States Code, Section 2256, and the defendant knew such visual depiction was of a minor engaged in sexually explicit conduct; and

3.     That the visual depiction was of a minor engaging in sexually explicit conduct.

Title 18, United States Code, Sections 2252(a)(2) and 2252(b)(1).

**B.     As to Count Two:**

In order for the crime of Distribution and Attempted Distribution of Material Depicting the Sexual Exploitation of a Minor, in violation of 18 U.S.C. §§ 2252(a)(2) and 2252(b)(1), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1.     That the defendant knowingly distributed or attempted to distribute a visual

depiction of a minor using any means or facility of interstate or foreign commerce, or in or affecting interstate or foreign commerce, or by any means including by computer or mail;

2. That the production of the visual depiction involved the use of a minor engaging in sexually explicit conduct, as those terms are defined in Title 18, United States Code, Section 2256, and the defendant knew such visual depiction was of a minor engaged in sexually explicit conduct; and

3. That the visual depiction was of a minor engaging in sexually explicit conduct.

Title 18, United States Code, Sections 2252(a)(2) and 2252(b)(1).

**C.     As to Count Three:**

In order for the crime of Possession of Material Depicting the Sexual Exploitation of a Minor, in violation of 18 U.S.C. §§ 2252(a)(4)(B) and 2252(b)(2), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. That the defendant knowingly possessed one or more items which contained a visual depiction of a minor engaging in sexually explicit conduct.

2. That the item which contained the visual depiction had been mailed, transported or shipped in interstate or foreign commerce, or had been produced using materials which had been mailed, transported, or shipped in interstate commerce.

3. That the production of the visual depiction involved the use of a minor engaging in sexually explicit conduct, as those terms are defined in Title 18, United States Code, Section 2256.

4. That the image(s) involved prepubescent minors or minors who had not attained 12 years of age.

Title 18, United States Code, Sections 2252(a)(4)(B) and 2252(b)(2).

### III. PENALTIES

**A. As to Counts One and Two: Distribution, Attempted Distribution, Receipt and Attempted Receipt of Material Depicting the Sexual Exploitation of a Minor (18 U.S.C. §§ 2252(a)(2) and 2252(b)(1)):**

1. Imprisonment of not less than five (5) years and not more than twenty (20) years, but if the defendant has a prior conviction under Title 18, United States Code, Chapter 110, Chapter 71, Chapter 109A, Chapter 117, Section 1591, or under Section 920 of Title 10, or under the laws of any state relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward, or the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography, or sex trafficking of children, the defendant shall be imprisoned not less than fifteen (15) years nor more than forty (40) years.

2. A fine of $250,000.00 (18 U.S.C. §3571(b)(3)).

3. Supervised release for any term of years not less than five (5) years and up to life (18 U.S.C. § 3583(k)).

4. Any or all of the above.

**B. As to Count Three: Possession of Material Depicting Sexual Exploitation of a Minor (18 U.S.C. §§ 2252(a)(4)(B) and 2252(b)(2)):**

1. Imprisonment of not more than ten (10) years, but if any image of child pornography involved in the offense involved a prepubescent minor or a minor who had not attained 12 years of age, the defendant shall be fined under this title and imprisoned for not more

than 20 years, or if the defendant has a prior conviction (Title 18, United States Code, Chapter 110, Chapter 71, Chapter 109A, Chapter 117 or under Section 920 of Title 10) or under the laws of any state relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward, or the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography, such person shall be fined under this title and imprisoned not less than 10 years nor more than 20 years.

2. A fine of not more than $250,000.00.

3. A term of supervised release of at least 5 years, and up to life.

4. Any or all of the above.

## IV. **MANDATORY SPECIAL ASSESSMENT**

A mandatory special assessment of $100.00 must be imposed at each count upon which the defendant is convicted, pursuant to 18 U.S.C. § 3013.

With respect to Counts One, Two and Three an additional special assessment of $5,000.00 must be imposed at each count upon which the defendant is convicted, as the offenses are located within Chapters 110 of Title 18, United States Code. 18 U.S.C. § 3014(a).

Further, with respect to Counts One and Two, pursuant to 18 U.S.C. § 2259A(a)(2), an additional special assessment of not more than $35,000.00 shall be assessed per count of conviction, as the offenses were committed after December 7, 2018, and the offenses are for trafficking in child pornography as defined at 18 U.S.C. § 2259(c)(3).

Further, with respect to Count Three, pursuant to 18 U.S.C. § 2259A(a)(1), an additional special assessment of not more than $17,000.00 shall be assessed, as the offense was committed after December 7, 2018, and the offense is under § 2252(a)(4).

## V. **RESTITUTION**

Restitution may be required in this case, together with any authorized penalty, as part of the defendant's sentence pursuant to 18 U.S.C. §§ 3663, 3663A, and 2259.

As to Counts One, Two and Three, pursuant to 18 U.S.C. § 2259(b)(2)(B), the amount of restitution per victim shall not be less than $3,000.00.

## VI. **FORFEITURE**

As set forth in the Indictment, forfeiture may be applicable in this case.

Respectfully submitted,

TROY RIVETTI
United States Attorney


*s/ V. Joseph Sonson*
V. JOSEPH SONSON
Assistant U.S. Attorney
PA ID No. 314864